FILED
SUPERIOR COURT
OF GUAM

2018 JAN 10 PM 4:43

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| DFS GUAM L.P.,<br><br>Plaintiff,<br><br>v.<br><br>THE A.B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM, and DOE DEFENDANTS 1-10, INCLUSIVE,<br><br>Defendants. | CIVIL CASE NO. CV 0943-14<br>(Consolidated with<br>CV 0094-15 and CV 0198-15)<br><br><br>**DECISION AND ORDER ON AIAA'S MOTION TO DISQUALIFY CIVILLE & TANG, PLLC FROM REPRESENTING DANNY LEON GUERRERO** |
|---|---|

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 5, 2018, upon AIAA's Motion to Disqualify Civille & Tang, PLLC From Representing Danny Leon Guerrero. Plaintiff DFS Guam L.P. ("DFS") was represented by Attorney Maurice Suh. Attorneys Christian Calvo and Jay D. Trickett represent Defendant A.B. Won Pat International Airport Authority, Guam ("AIAA"). Attorneys Patrick Civille, Dean Manglona, and Joyce Tang represented Non-Party Danny Leon Guerrero. For the reasons set forth below, having reviewed the moving papers and oral argument, the Court DENIES AIAA's Motion to Disqualify Civille & Tang, PLLC From Representing Danny Leon Guerrero.

### BACKGROUND

The instant matter arising from a procurement dispute between DFS and A.B. Won Pat International Airport Authority, Guam pertains to the representation of Non-Party Danny Leon Guerrero.

AIAA filed its Motion to Disqualify Civille & Tang, PLLC From Representing Danny Leon Guerrero ("Motion to Disqualify"), on December 11, 2017, requesting the Court to disqualify Civille and Tang. PLLC ("C&T") from representing Danny Leon Guerrero and order DFS to retain un-conflicted counsel of Mr. Leon Guerrero's choice. Mr. Leon Guerrero filed his Opposition to AIAA's Motion to Disqualify on December 26, 2017. DFS joined Mr. Leon Guerrero in his Opposition the same day. On January 2, 2018, AIAA filed its Reply to Mr. Leon Guerrero's Opposition.

The Court heard arguments from AIAA and Mr. Leon Guerrero during a motion hearing on January 5, 2018. At the conclusion of the hearing, the Court took the instant Motion to Disqualify under advisement.

## DISCUSSION

AIAA seeks to disqualify C&T from representing Mr. Leon Guerrero arguing that C&T's conflicts in representing both DFS and Mr. Leon Guerrero requires the Court to order disqualification. Motions to disqualify are strongly disfavored. See Gregori v. Bank of America, 207 Cal. App. 3d 291, 300-01 (1989) ("[M]otions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent."); Concat LP v. Unilever, PLC, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004) ("Because disqualification is a drastic measure, it is generally disfavored and should only be imposed when absolutely necessary.").

For the Court to address AIAA's arguments, AIAA must demonstrate that the agency holds the requisite standing to bring the instant Motion to Disqualify. "Standing is a threshold jurisdictional matter." Guam Image Consultants, 2004 Guam 15 ¶ 17 (citing Brewer v. Lewis, 989 F.2d 1021, 1025 (9th Cir. 1993)). "The requirements for Article III standing, necessary for any party to seek relief from a federal court, are that the party have personally suffered an 'injury in fact,' which is causally related to the conduct in issue and redressable by a favorable decision of the court." Colyer v. Smith, 50 F.Supp. 2d, 966, 968 (C.D. Cal. 1999) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Standing doctrine "embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as

the general prohibition on a litigant's raising another person's legal rights...." Allen v. Wright, 468 U.S. 737, 751 (1997). "The burden is on the party seeking relief to establish these 'irreducible constitutional minimum' elements with respect to the particular issues the party wishes to have decided." Colyer, 50 F. Supp. 2d at 968 (citing Lujan, 504 U.S. at 560-61).

The Guam Supreme Court has not yet given authority for the Court to follow with regards to the issue of standing to bring a motion for attorney disqualification. Many district courts of the Ninth Circuit look to the precedent set in Colyer v. Smith, and rely on the principles it articulated. See S.E.C. v. King Chuen Tang, 831 F. Supp. 2d 1130, 1143 (N.D. Cal 2011) (listing cases applying the principles summarized in Colyer). Like those other courts, the Court relies on the findings and reasoning of the Colyer court as persuasive authority.

The Colyer court engaged in a comprehensive survey of the case law of other jurisdictions. Colyer, 50 F.Supp. at 969-71. The court concluded that the "majority view is that only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current of the former client." Id. The Colyer court found persuasive authority for the majority view in one of the leading cases for the majority view, In re Yarn Processing Patent Validity Litig,, 530 F.2d 83 (5th Cir. 1976). The Colyer court also recognized a minority exception to the general rule "where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims", a non-client may meet the standing requirements to bring a motion to disqualify based upon a third-party conflict or other ethical violation. Id. "Courts have invoked the exception in Colyer where particular facts have established that the party seeking disqualification had a personal stake beyond the general interest in the fair administration of justice." Tang, 831 F. Supp. 2d at 1143.

AIAA has not presented any evidence that the Airport Authority ever retained C&T as legal counsel. Therefore, under the majority rule, AIAA lacks standing to bring their Motion to Disqualify. However, in its Reply, AIAA argues that the minority exception recognized in Colyer grants AIAA standing to bring their motion. AIAA alleges that:

> Through C&T's representation of Mr. Leon Guerrero, DFS and its counsel Gibson Dunn have injected false evidence into the record that cannot be examined

by [A]IAA and this court because C&T has controlled the flow of information from Mr. Leon Guerrero to [A]IAA and the Court under the guise of "attorney-client privilege" and "common interest" between DFS and Mr. Leon Guerrero.

AIAA Reply 3 (Jan. 2, 2018). AIAA accuses C&T, DFS, and Gibson Dunn of using "C&T's representation of Mr. Leon Guerrero to create false evidence involving material issues that may affect the outcome of this entire lawsuit." Id. at 5. C&T and DFS prepared and filed a declaration that had Mr. Leon Guerrero admitting to illegal or tortious actions that were "objectively, demonstrably false". AIAA Mot. 6 (Dec. 11, 2017).

AIAA's brings disturbing allegations to the Court. If the allegations are true, the Court would have no choice to find that C&T, DFS, and Gibson Dunn committed unethical and, possibly, criminal conduct. Also, if true, the allegations would prove the requisite ethical breach to grant standing to AIAA. Therefore, the Court elects to further examine the AIAA's arguments under the minority approach.

As the party bringing the Motion to Disqualify, AIAA holds the burden to prove its standing. On pages three, four and five of its Motion, AIAA inserts sixteen bullet points showing "facts [that] can be summarized as follows: C&T convinced a third party witness, Mr. Leon Guerrero, to let them prepare a declaration for him to sign that would involve admissions by Mr. Leon Guerrero of wrongdoing for the benefit of their other client, DFS." AIAA Mot. 5. The Court has reviewed AIAA's Motion and Reply, as well as the accompanying declaration filed by Attorney Christian Calvo. AIAA repeatedly uses language such as "[o]bjectively, it is beyond dispute…", id. at 6, "objectively, demonstrably *false*", id., "impossible to square", id., and "create false evidence", AIAA Reply 5. Although AIAA would like the Court to agree that the submitted exhibits and facts all point to one escapable conclusion, the Court is not persuaded by AIAA's use of such language. AIAA may cite to facts, but the Court finds that AIAA's conclusion that C&T, DFS, and Gibson Dunn manufactured and submitted false evidence requires the Court to make inferences not fully supported by the evidence. Rather, it appears to the Court that AIAA seeks a factual finding based entirely upon its opinions and its perception of the facts. The Court is especially reluctant to make such inferences as AIAA's conclusion requires the Court to find criminal wrongdoing. As of the drafting of this decision

and order, the Court is unaware of any criminal charges that were brought against C&T, DFS, or Gibson Dunn. Therefore, the Court declines to make the factual finding that C&T, DFS, and Gibson Dunn engaged in unethical or criminal conduct.

The minority exception carves out potential standing based upon third-party conflict or other ethical violations. AIAA failed its burden of proof in demonstrating the existence of such third-party conflict or ethical violations that would impact AIAA's interest in a just and lawful determination of its claims. Therefore, the Court finds that AIAA, under both the majority and minority views discussed in <u>Coyle</u> and its progeny, lacks standing to file the instant Motion to Disqualify. Accordingly, the Court DENIES AIAA's Motion to Disqualify Civille & Tang, PLLC From Representing Danny Leon Guerrero.

## CONCLUSION

For the reasons set forth above, AIAA failed its burden of proof in demonstrating the existence of such third-party conflict or ethical violations that would impact AIAA's interest in a just and lawful determination of its claims. Therefore, the Court finds that AIAA, under both the majority and minority views discussed in <u>Coyle</u> and its progeny, lacks standing to file the instant Motion to Disqualify. Accordingly, the Court DENIES AIAA's Motion to Disqualify Civille & Tang, PLLC From Representing Danny Leon Guerrero.

**IT IS SO ORDERED** this _____ JAN 1 0 2018 _____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Civille, Tang, C&T
Cabot
1/10/18    Time 5 PM
Jerimie K.C. James